COMMONWEALTH *vs.* GEORGE M. ARRANCE & another.

Under Gen. Sts. *c.* 172, § 12, an indictment for larceny is sustained by proof that the person alleged therein to be the owner of the stolen property is tenant in common thereof with another.

No exception lies to the admission of additional testimony in behalf of the Commonwealth, after the defendant in an indictment has closed his case.

INDICTMENT for larceny, in the dwelling-house of Adam Grider, of gold and silver coin and bank bills, the moneys of said Adam.

At the trial in the superior court, before *Vose*, J., it appeared that the moneys stolen were the earnings of Adam Grider and his wife, separately, after their marriage, each laboring separately from the other, and there was no evidence as to what specific part was earned by each of them.

After the defendants had closed their case, the district attorney was permitted, against the defendants' objection, to call two witnesses, upon his statement that the evidence had come to his knowledge during the trial, and since he had concluded the evidence for the Commonwealth; and ·they testified to facts tending to corroborate other witnesses for the Commonwealth, and also to facts tending to rebut the defendants' evidence.

The judge instructed the jury that if the whole or any part of the moneys stolen belonged to Adam Grider they might convict the defendants. The jury returned a verdict of guilty, and the defendants alleged exceptions.

*B. C. Moulton*, for the defendants.

*Foster*, A. G., for the Commonwealth.

METCALF, J. The right instruction was given to the jury. A defendant may always be convicted of stealing a part only of the property which the indictment charges him with stealing. Such is the common law. But, by that law, if the indictment charge the stealing of the property of A., and the proof be that it was the property of A. and B., there is a variance between the allegation and the proof, and the defendant cannot be convicted. 3 Stark. Ev. (4th Amer. ed.) 1533. *Commonwealth* v

*Trimmer*, 1 Mass. 476. This was altered by the Rev. Sts. *c*. 133, § 11; reënacted by the Gen. Sts. *c*. 172, § 12, which provide that "in the prosecution of offences in relation to or affecting real or personal estate, it shall be sufficient, and shall not be deemed a variance, if it is proved, on the trial, that at the time when the offence was committed, either the actual or constructive possession, or the general or special property, in the whole *or any part* of such real or personal estate was in the person or community alleged to be the owner thereof." This provision applies to the undivided property of tenants in common. *Commonwealth* v. *Harney*, 10 Met. 422. Whether, therefore, Adam Grider was sole owner of all or of only a part of the bank bills and coins mentioned in the indictment, or was owner, jointly with some other person, of the whole or of a part only thereof, the defendants, on proof that they stole the whole, or any part, of which he was sole or part owner, were liable to conviction.

The admission of additional testimony in behalf of the Commonwealth, after the defendants had closed their case, was a matter of judicial discretion, and not a subject of exception. No authority need be cited to a point that has been so repeatedly adjudged. *Exceptions overruled.*